1  Melanie A. Renken, *pro hac vice forthcoming*
   melanie.renken@ogletree.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  7700 Bonhomme Avenue, Suite 650
   St. Louis, MO  63105
4  Telephone:  314-802-3935
   Facsimile:  314-802-3936
5
   Jamie L. Hagerott CA Bar No. 327277
6  jamie.hagerott@ogletree.com
   OGLETREE, DEAKINS, NASH,
7  SMOAK & STEWART, P.C.
   Park Tower, Fifteenth Floor
8  695 Town Center Drive
   Costa Mesa, CA  92626
9  Telephone:  714-800-7900
   Facsimile:  714-754-1298
10
   Attorneys for Defendant
11 The Boeing Company

12            **UNITED STATES DISTRICT COURT**

13    **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

14

15 BEHYAR GOUDARZIAN, an
   individual,
16
                Plaintiff,
17
        v.
18
   THE BOEING COMPANY, INC., a
19 Delaware Corporation; CHRIS
   CIVARRA, an Individual; and
20 DOES 1 through 50, Inclusive,
21
                Defendants.
22
23
24
25
26
27
28

Case No. 8:25-cv-01330

**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

**[DIVERSITY JURISDICTION]**

[*Filed concurrently with Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declarations of Barbara Krubski, Chris Civarra, and Jamie L. Hagerott; and Notice of Related Cases*]

Complaint Filed:  January 28, 2025
Trial Date:          None Set
District Judge:     Hon. TBD
Magistrate Judge: Hon. TBD

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THE BOEING COMPANY (improperly named in Plaintiff's Complaint "The Boeing Company, Inc.") petitions the Court to remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff BEHYAR GOUDARZIAN ("Plaintiff"), a citizen of the State of California, Defendant The Boeing Company ("Boeing"), a citizen of the State of Delaware and Virginia and Defendant Chris Civarra (Civarra), a citizen of the State of Washington; and the amount in controversy exceeds $75,000. These facts were true when Plaintiff filed the Complaint and remain true now.

# I.    THE REMOVED CASE / STATE COURT ACTION

1.    The removed case is a civil action commenced in the Superior Court of California, County of Orange by Plaintiff Behyar Goudarzian ("Plaintiff") against Boeing and Civarra, titled *Goudarzian v. The Boeing Company, et al.,* Case No. 30-2025-01456723-CU-OE-CJC.

2.    Plaintiff filed the State Court Action on or about January 28, 2025, asserting claims for the following: (1) discrimination based on disability in violation of FEHA, (2) harassment in violation of FEHA (Cal. Govt. Code § 12900), (3) failure to participate in the interactive process (Cal Govt. Code § 2926.1(e), 12940(n)), (4) failure to provide reasonable accommodation (Cal. Govt. Code §12940(m)), (5) failure to prevent discrimination and harassment, (6) unlawful retaliation (Labor Code § 1102.5), (7) discrimination based on age in violation of FEHA (Cal. Govt. Code §12940(a), et seq.), and (8) harassment based on age in violation of FEHA (Cal. Govt. Code §12940(j), et seq.).

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

## II.    <u>REMOVAL IS TIMELY / PROCEDURAL REQUIREMENTS</u>

3.    Boeing was served with Plaintiff's Summons and Complaint through its agent for service of process on May 22, 2025.  (Jamie L. Hagerott Declaration ¶ 2.)

4.    Boeing has thirty (30) days from the date of service or receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. §1446(b).  Thus, this Notice of Removal is timely filed.

5.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Action in Boeing's possession are attached hereto as **Exhibit A** (Summons and Complaint, Civil Case Cover Sheet and Notice of Hearing - Case Management Conference).

6.    In accordance with 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending, *i.e.*, Orange County Superior Court.

7.    Moreover, pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to Plaintiff after the same is filed with this Court.

8.    If any question arises as to the propriety of removal of this action, Boeing respectfully requests an opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.[1]

9.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Boeing's right to assert defenses, including, without limitation, the defenses of failure to state a claim and improper service of process.

## III.    <u>VENUE IS PROPER – THE AMOUNT IN CONTROVERSY IS MET</u>

10.    This Court has original jurisdiction under 28 U.S.C. § 1332, and this action is one that may be removed to this Court by Boeing pursuant to the provisions of 28 U.S.C. § 1441(b) in that it involves a civil action between citizens of different

---

[1] Notably, Boeing has successfully removed several cases to Federal Court in this jurisdiction, including prevailing on a challenge to such removal.

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11.    The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart,* 574 U.S. at 87.

12.    Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id*. Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra,* 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego,* 443 F.3d at 691 (internal citation omitted).

13.    Boeing disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Boeing can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

14.     Here, Plaintiff alleges that he was wrongful terminated from his job at Boeing on April 28, 2023. (Ex A, ¶ 29.) This last day of work corresponds with Boeing's records (Barbara Krubski Declaration ¶ 4.) Accordingly, Plaintiff's potential award of compensatory and special damages, including but not limited to lost pay and his purported emotional distress damages, alone, satisfy the amount in controversy requirement. Plaintiff's annual salary while employed at Boeing was $197,596.00. (*Id.*) As of now, Plaintiff's alleged lost earnings, which Defendant disputes, already amount to approximately $428,124.67 ($16,466.33 per month x 26 months (from April 2023 to June 2025)). If this case were to go to trial within twelve months from removal –June 2026—Plaintiff's alleged lost earnings, which again Defendant disputes, would be approximately $625,720.54 (based on 38 months of alleged lost wages).

15.     Plaintiff also seeks punitive damages against Boeing. (Ex. A, ¶¶ 48, 56, 67, 75, 92, 96, 101, 112, 120 and Prayer for Relief No. 4.)

16.     Punitive damages may be considered in calculating the amount in controversy where a plaintiff may recover for them under applicable law. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages for purposes of addressing the diversity requirement. *See Avila,* 2019 WL 4729641, at *4-5. A court "need not determine whether the cases Defendant cites are sufficiently factually analogous, and need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on his Complaint." *Id.* at *5; *Simmons,* 209 F.Supp.2d at 1033 (requiring only that the jury verdicts "demonstrate the potential for large punitive damage awards in employment discrimination cases").

17.     Here, while disputed by Boeing, Plaintiff alleges, for example, that Boeing's harassment of Plaintiff amounted to "malice, fraud, or oppression." (Ex. A, ¶ 56.). In a discrimination and/or retaliation case, punitive damages awarded by a jury could be significant and alone could satisfy the jurisdictional amount. Defendants

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

dispute Plaintiff's entitlement to punitive or other damages and highlights the potential for punitive damages in employment cases for purposes of this Removal only.

18.　　In employment actions, juries in California and elsewhere have returned verdicts with substantial awards for non-compensatory damages that far exceed $75,000. *See EEOC v. Harris Farms, Inc.,* Docket No. 02-CV-06199-AW1-LJ0 (E.D. Cal. Jan. 24, 2005) (jury verdict included damages for $53,000 in past earnings, $91,000 in future earnings, and $350,000 in emotional distress damages); *Astor v. Rent-A-Center,* Docket No: 03AS048644 (Sacramento County Superior Court, Aug. 5, 2005) (jury verdict included $369,000 in economic damages and $250,000 in noneconomic damages); *Pensacola v. Malaysia Airlines,* Docket No.: CV045944 (C.D. Cal. Feb. 6, 2006 (jury verdict of $237,537, of which $160,000 was for punitive damages).

19.　　Based on a conservative, good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. *See Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that Plaintiff's damage claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

## IV.　VENUE IS PROPER – COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

20.　　**Plaintiff is a citizen of California.** Plaintiff is, and was at the time of filing the Complaint, a citizen and resident of California. (Ex. A ¶ 1.) Additionally, according to Boeing's records, Plaintiff's home address is located in Lakewood, California.[2] (Krubski Decl. ¶ 5.)

21.　　For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

---

[2] For privacy concerns, Boeing will not include Plaintiff's entire home address. However, if this Court requires it, and/or if Plaintiff's citizenship is challenged, Boeing will be compelled to disclose the address information it has for Plaintiff.

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1983).  Generally, a person's residence is *prima facie* evidence of the person's domicile. *See Mondragon v. Cap. One Auto Fin*., 736 F.3d 880, 886 (9th Cir. 2013) (collecting cases). "[A] person's old domicile is not lost until a new one is acquired. *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir.1952).

22.    **Defendant Civarra is a citizen of Washington.**  Here, Defendant Chris Civarra is at the time of filing of the Complaint and this Notice of Removal a resident of the State of Washington.  Civarra has resided in Washington for his entire life, maintains a residence there, works there, and intends to remain there for the foreseeable future.  (Chris Civarra Decl. ¶¶ 2-3.)

23.    For the purposes of determining jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

24.    A corporation's "principal place of business" is its "nerve center," which means "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).  Typically, a corporation's "nerve center" is the location where the corporation maintains its headquarters. *Id.* at 81, 92.

25.    **Defendant Boeing is a citizen of Delaware and Virginia.** Here, Boeing is incorporated in the State of Delaware, and has been since 1947.  (Krubski Decl. ¶ 3.)  Boeing maintains its World Headquarters at 929 Long Bridge Drive, Arlington, Virginia 22202, which serves as its principal place of business and "nerve center." (*Id.*)  The officers and directors of Boeing are located at the World Headquarters in Arlington, Virginia, where they exercise day-to-day control of the business and perform the vast majority of their executive and administrative functions.  (*Id.*)  Boeing's corporate books and records are located at its World Headquarters in Arlington, Virginia.  (*Id.*)

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

26.     Based on the aforementioned facts, Boeing is therefore a citizen of the State of Delaware and the State of Virginia for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

27.     As a result, Boeing and Civarra are not now, and were not at the time of the filing of the Complaint, citizen and/or residents of the State of California for purposes of determining diversity jurisdiction.

28.     Plaintiff's Complaint names no other defendants aside from "Doe defendants," which "shall be disregarded" for removal purposes. *See* 28 U.S.C. § 1441(b)(1).

29.     Doe defendants 1 to 50 have not been served. Defendant Chris Civarra has not yet been served in this matter. (Civarra Decl. ¶ 4.) Those named as defendants but not yet served in the state court action need not join the notice of removal. *See Destfino v. Reiswig,* 630 F.3d 952, 956–57 (9th Cir. 2011); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

30.     Because there is diversity of citizenship between the parties, no defendant is a citizen of California, and the amount in controversy exceeds $75,000, this action is removable under 28 U.S.C. §§ 1332(a) and 1441(b).

## V.     **CONCLUSION**

For the foregoing reasons, the State Court Action may be removed to this Court by Boeing in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (iii) the action is between citizens of different states.

/ / /

/ / /

/ / /

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1   DATED: June 20, 2025                OGLETREE, DEAKINS, NASH, SMOAK &
2                                       STEWART, P.C.

3

4

5                                       By:  /s/ Jamie L. Hagerott
                                        Melanie A. Renken
6                                       Jamie L. Hagerott
                                        Park Tower, Fifteenth Floor
7                                       695 Town Center Drive
                                        Costa Mesa, CA  92626
8                                       Telephone:  714-800-7900
                                        Facsimile:   714-754-1298
9                                       Email:  melanie.renken@ogletree.com
                                                jamie.hagerott@ogletree.com
10                                      **Attorneys for Defendant, The Boeing
                                        Company**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

# EXHIBIT "A"

Case 8:25-cv-01330-FWS-JDE   Document 1   Filed 06/20/25   Page 11 of 53   Page ID
Electronically Filed by Superior Court of California, County of Orange, 02/04/2025 11:09:00 AM.
30-2025-01456723-CU-OE-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By V. Hammer, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE BOEING COMPANY, INC., a Delaware Corporation; CHRIS
CIVARRA, an Individual; and DOES 1 through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BEHYAR GOUDARZIAN, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Orange County Superior Court, Central Justice Center, 700 W. Civic
Center Dr., Santa Ana 92701

CASE NUMBER:
*(Número del Caso):*

30-2025-01456723-CU-OE-CJC

Judge Sandy Leal

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael Yellin, Esq., Azadegan Law Group, APC. 9100 Wilshire Blvd., Suite 710E, Beverly Hills, CA 90212
(310) 271-4800

DATE: **02/04/2025**       DAVID H. YAMASAKI, Clerk of the Court       Clerk, by _____ V. Hammer, Deputy
*(Fecha)*       *(Secretario)*       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* THE BOEING COMPANY, INC.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT A - PAGE 10

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLAINTIFF: Behyar Goudarzian | **Jan 31, 2025** |
| DEFENDANT: The Boeing Company, Inc. et.al. | Clerk of the Court<br>By: K. Clisner, Deputy |
| Short Title: GOUDARZIAN VS. THE BOEING COMPANY, INC | |

| NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>30-2025-01456723-CU-OE-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>07/02/2025</u> at  <u>09:00:00 AM</u> in Department <u>C33</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>IMPORTANT:</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

<u>IMPORTANTE:</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

<u>QUAN TRỌNG:</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By:  _K. Clisner_____ , Deputy

**NOTICE OF HEARING**

Page: 1

292.974144.  2 of 3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** GOUDARZIAN VS. THE BOEING COMPANY, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2025-01456723-CU-OE-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 01/31/2025. Following standard court practice the mailing will occur at Sacramento, California on 02/03/2025.

Clerk of the Court, by: _K Cime_ _____, Deputy

AZADEGAN LAW GROUP, APC
9100 WILSHIRE BOULEVARD # 710E
BEVERLY HILLS, CA 90212

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE* |
|---|---|
| PLAINTIFF: Behyar Goudarzian | **Jan 31, 2025** |
| DEFENDANT: The Boeing Company, Inc. et.al. | Clerk of the Court<br>By: K. Climer, Deputy |
| Short Title: GOUDARZIAN VS. THE BOEING COMPANY, INC. | |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2025-01456723-CU-OE-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>07/02/2025</u> at <u>09:00:00 AM</u> in Department <u>C33</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _K.Climer_____ , Deputy

**NOTICE OF HEARING**                                              Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** GOUDARZIAN VS. THE BOEING COMPANY, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** 30-2025-01456723-CU-OE-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>01/31/2025</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>02/03/2025</u>.

Clerk of the Court, by: _____ , Deputy

AZADEGAN LAW GROUP, APC
9100 WILSHIRE BOULEVARD # 710E
BEVERLY HILLS, CA 90212

EXHIBIT A - PAGE 14

Electronically Filed by Superior Court of California, County of Orange, 01/28/2025 02:34:04 PM.
30-2025-01456723-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael M. Yellin, Esq. (SBN: 255050)<br>The Azadegan Law Group, APC<br>9100 Wilshire Blvd., Suite 710E<br>Beverly Hills, California 90212<br>TELEPHONE NO.: 310-271-4800    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff Behyar Goudarzian | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS: 700 W. Civic Center Dr.
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Goudarzian v. The Boeing Company, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2025-01456723-CU-OE-CJC |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>Judge Sandy Leal |
| | | | | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Eight
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/07/2025

Michael Yellin
_____(TYPE OR PRINT NAME)_____    ▶    _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**EXHIBIT A - PAGE 15**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A - PAGE 16

Electronically Filed by Superior Court of California, County of Orange, 01/28/2025 02:34:04 PM.
30-2025-01456723-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

1  Ramin Azadegan, Esq.  [SBN 131402]
   Michael Yellin, Esq.  [SBN 255050]
2  **AZADEGAN LAW GROUP, APC**
   9100 Wilshire Boulevard, Suite 710E
3  Beverly Hills, California 90212
   Telephone: (310) 271-4800
4  Facsimile: (310) 271-4088

5  Attorneys for Plaintiff,
   BEHYAR GOUDARZIAN
6

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF ORANGE**    Assigned for All Purposes
                                                Judge Sandy Leal

10  BEHYAR GOUDARZIAN, an individual,    CASE NO.  30-2025-01456723-CU-OE-CJC

11              Plaintiff,                **PLAINTIFF'S COMPLAINT FOR
                                          DAMAGES ALLEGING:**
12      vs.
                                          1.  **DISCRIMINATION BASED ON
13                                            DISABILITY IN VIOLATION OF
                                              FEHA**
14  THE BOEING COMPANY, INC., a Delaware  2.  **HARASSMENT IN VIOLATION OF
    Corporation; CHRIS CIVARRA, an            FEHA (Cal. Govt. Code §12900)**
15  Individual; and DOES 1 through 50, Inclusive,  3.  **FAILURE TO PARTICIPATE IN THE
                                              INTERACTIVE PROCESS
16                                            (Cal. Govt. Code§12926.1(e), 12940(n);**
                Defendants.               4.  **FAILURE TO PROVIDE
17                                            REASONABLE ACCOMMODATION
                                              (Cal. Govt. Code §12940(m);**
18                                        5.  **FAILURE TO PREVENT
                                              DISCRIMINATION AND
19                                            HARASSMENT;**
                                          6.  **UNLAWFUL RETALIATION (Labor
20                                            Code §1102.5);**
                                          7.  **DISCRIMINATION BASED ON AGE
21                                            IN VIOLATION OF FEHA
                                              (Cal. Govt. Code §12940(a), et seq.)**
22                                        8.  **HARASSMENT BASED ON AGE IN
                                              VIOLATION OF FEHA
                                              (Cal. Govt. Code §12940(j), et seq.)**
23
                                          **DEMAND FOR JURY TRIAL**
24

25      Plaintiff BEHYAR GOUDARZIAN, brings this action against THE BOEING COMPANY,

26  INC., a Delaware Corporation; CHRIS CIVARRA, an Individual and DOES 1 through 50, inclusive,

27  for: general, compensatory and statutory damages, including, but not limited to, prejudgment

28  interest, costs, attorney's fees, and other appropriate and just relief resulting from defendant's

1 | unlawful and tortious conduct, and as grounds therefore alleges:

2 | **PARTIES**

3 | 1. Plaintiff BEHYAR GOUDARZIAN (hereinafter "Plaintiff") is, and at all times
4 | herein was, an individual residing in the County of Los Angeles, State of California and was
5 | employed as Project Engineer by Defendant THE BOEING COMPANY, INC., and DOES 1-50
6 | from, until his termination. Plaintiff was employed with defendant for thirty-six (36) years and at
7 | the time of his termination was sixty-eight (68) years old.

8 | 2. Plaintiff is informed and believes and based thereon alleges that Defendant THE
9 | BOEING COMPANY, INC. ("BOEING" or "Defendant") is and at all times herein mentioned was,
10 | a Delaware Corporation with its principal place of business located at 929 Long Bridge Drive,
11 | Arlington, VA 22202, and subject to the laws of California *Government Code* §§12940 et seq. and
12 | 12900 *et. seq.* Defendant is, and at all relevant times was, an employer pursuant to California
13 | *Government Code* § 12926(d). Defendant is qualified to do business in the County of Los Angeles.
14 | Defendant's place of business, where the following causes of action took place, was and is in the
15 | County of Los Angeles, State of California.

16 | 3. TYRA R. BANKS ("Ms. Banks") is, and at all times herein mentioned was, a resident
17 | of an unknown County in an unknown State of California, and at all relevant times was an employee
18 | of Defendant working as an "Accommodation Service Representative" for BOEING.

19 | 4. ROBYN SIEBERT ("Ms. Sieber") is, and at all times herein mentioned was, a resident
20 | of an unknown County in an unknown State of California, and at all relevant times was an employee
21 | of Defendant working as a Direct Manager of Plaintiff for BOEING.

22 | 5. Defendant CHRIS CIVARRA ("Mr. Civarra") is, and at all times herein mentioned
23 | was, a resident of an unknown County in an unknown State of California, and at all relevant times
24 | was an employee of Defendant working in the Radio Team department for BOEING.

25 | 6. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1
26 | through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will
27 | amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed
28 | and believes, and alleges that each of the fictitiously named Defendants is responsible for the alleged

1    occurrences and injuries to Plaintiff.  Plaintiff is further informed and believed, and based thereon

2    alleged, that all Defendants, including all DOE Defendants were the agents or principals of all of the

3    other Defendants and were acting in the course and scope of their authority and/or ratified the acts of

4    their Co-Defendants.

5          7.      All defendants compelled, coerced, aided, and/or abetted the discrimination,

6    retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California

7    Government Code section 12940(i). All defendants were responsible for the events and damages

8    alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at

9    all relevant times, one or more of the defendants was the agent or employee, and/or acted under the

10   control or supervision, of one or more of the remaining defendants and, in committing the acts

11   alleged, acted within the course and scope of such agency and employment and/or is or are otherwise

12   liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest

13   between or among two or more of the defendants such that any individuality and separateness

14   between or among those defendants has ceased, and defendants are the alter egos of one another.

15   Defendants exercised domination and control over one another to such an extent that any

16   individuality or separateness of defendants does not, and at all times herein mentioned did not, exist.

17   Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate

18   privilege and would sanction fraud and promote injustice. All actions of all defendants were taken

19   by employees, supervisors, executives, officers, and directors during employment with all

20   defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and

21   approved of by all other defendants.

22                              **VENUE AND JURISDICTION**

23         8.      Venue is proper under *Code of Civil Procedure* §395, because Plaintiff's injuries

24   were incurred within this jurisdiction.  The actions giving rise to Plaintiff's complaint arose within

25   this jurisdiction.

26   ///

27   ///

28   ///

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

9.     Plaintiff exhausted his administrative remedies by filing a complaint with the California Civil Rights Department on January 28, 2025, and thereafter, received a "right to sue" notification on that same day. A true and correct copy of such right to sue notification is attached hereto as **Exhibit "A."**

## FACTS COMMON TO ALL CAUSES OF ACTION

10.     Plaintiff commenced his employment with Defendants in and about April 6, 1987, as a Project Engineer. Throughout Plaintiff's employment with Defendants, he performed his duties and responsibilities in an exemplary manner.

11.     Plaintiff was subjected to discrimination due to his age and disability, harassment from his co-workers, and retaliation when he was terminated. during the period he was given an accommodation.

12.     In and around June 2020, Plaintiff began to experience serious health issues that rendered him disabled and that required him to request an accommodation.

13.     Plaintiff required remote work as an accommodation which was granted by the Defendants.

14.     Thereafter, Plaintiff followed the Defendants' procedures in renewing his accommodation every six months.

15.     The need for his accommodation was renewed every six months, and permitted Plaintiff to work remotely.

16.     However, starting in or about August 2022 until his termination, Defendants discriminated against, harassed, and eventually terminated Plaintiff as a result of his continued need for accommodation, because of his medical condition and/or disability, and in retaliation of Plaintiff's complaints.

17.     In and around August 2022, Ms. Siebert became Plaintiff's Direct Manager.

18.     Thereafter, Plaintiff noticed a change in how he was treated. For example, prior to Ms. Siebert's arrival, Plaintiff received rave reviews of his work performance. These reviews indicated that he met or exceeded the expectations of his position. Plaintiff also met or exceeded his

expectations for his "Interim 2022 Performance Review."

19. In or about December 2022, Ms. Siebert issued a performance review indicating that Plaintiff only met *some* expectations of his position.

20. In or about October 2022, during a meeting between Plaintiff and his department, the Defendant's employees, Mr. Civarra harassed and discriminated against Plaintiff when he asked a new hire, Aleksey Bykovich, to guess Plaintiff's age in front of all the other employees. After multiple guesses, Plaintiff was pressured to tell everyone his age and finally did. Plaintiff immediately felt ashamed and humiliated as everyone in the room was much younger than him.

21. Several days later, Gordon Yip, Defendant's employee in the Radio Team department, left Plaintiff an unprofessional voice message, stating that Plaintiff should not question his abilities or judgment, otherwise Plaintiff should either do the work himself or get someone else to do it.

22. During 2023, Plaintiff continued to request and receive remote work as an accommodation. In and about the end of 2022, Plaintiff renewed his request for an accommodation for the first six months of 2023, which request was granted by Defendant.

23. However, Ms. Siebert refused to provide Plaintiff with the approved accommodation.

24. In or about January 2023, Ms. Siebert emailed Plaintiff improperly directing him to "flex [his] schedule first before using PTO." Linda Hopper, in the Labor Relations-West department, and Hillary McConnell, the SEEPA Contract Administrator, responded to Ms. Siebert's improper demand stating that it "could be perceived as coercion/harassment."

25. In or around February 2023, Ms. Siebert informed Plaintiff that he would no longer be provided remote work as an accommodation, despite Plaintiff receiving the accommodation for years. Plaintiff was further informed that he would be placed on a medical leave of absence instead.

26. Plaintiff's doctor reminded Defendant that a medical leave of absence will not improve Plaintiff's symptoms.

27. Suddenly, in or around March 2023, Plaintiff was told that he would no longer be permitted to work remotely and instead, would be placed on a "reassignment leave of absence" as

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  an accommodation. Plaintiff was inexplicitly, also told that it was his last day.

2      28.    Between March 2023 and April 2023, Plaintiff received his offboarding paper work

3  and layoff eligibility paper work.

4      29.    Plaintiff was ultimately terminated on April 28, 2023.

5      30.    Defendants had the duty to engage in a good faith interactive process to ascertain

6  whether it could accommodate Plaintiff's disability. It not only failed to engage in a good faith

7  interactive process with Plaintiff time after time, but Defendant also failed to show any undue

8  hardship or safety risk associated with accommodating Plaintiff's restrictions and medical condition.

9  On information and belief, defendant's discriminatory conduct was intentional.

10     31.    Defendants engaged in a systematic pattern and practice of discriminating against

11  individuals (including Plaintiff) who are or become disabled with the resultant effect that such

12  persons are systematically excluded from positions for which they are well qualified.   On

13  information and belief, defendant's discriminatory conduct was intentional.

14     32.    These acts by Defendants were continuing, not permanent and constituted a

15  continuing violation.

16     33.    As a consequence of Defendant's conduct, Plaintiff has suffered harm, including lost

17  past and future income and employment benefits, damage to his career, and wages, overtime, unpaid

18  expenses, sick time and penalties, as well as interest on unpaid wages at the legal rate from and after

19  each payday on which those wages should have been paid, in sum to be proven at trial.

20     34.    As a consequence of Defendant's conduct, Plaintiff has suffered and will suffer

21  psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a

22  sum to be proven at trial.

23     35.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

24              **FIRST CAUSE OF ACTION**

25           **DISCRIMINATION BASED ON DISABILITY**

26     **IN VIOLATION OF FEHA (GOVERNMENT CODE §§ 12940 *et seq.*)**

27           (As Against The Boeing Company, Inc.; and DOES 1 through 50)

28     36.    Plaintiff incorporates and re-alleges by reference all paragraphs, and each and every

1   part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

2        37.    Defendants and DOES 1 through 50, Inclusive, and each of them, is an "employer"

3   within the meaning of and subject to California Govt. Code §§ 12900, et seq., commonly referred

4   to as the California Fair Employment and Housing Act ("FEHA").

5        38.    The FEHA, and specifically, California Govt. Code § 12940(a), provides in pertinent

6   part that, "It shall be an unlawful employment practice . . . [f]or an employer, because of . . . physical

7   disability . . . medical condition . . . to discharge the person from employment . . . or to discriminate

8   against the person . . . in terms, conditions, or privileges of employment."

9        39.    The discriminatory actions of these Defendants against Plaintiff, including, but not

10   limited to, terminating Plaintiff from Plaintiff's employment due to Plaintiff's disability and failing

11   to conduct a good faith interactive process or accommodating Plaintiff, constitutes unlawful

12   discrimination based on disability in violation of FEHA, Govt. Code § 12940(a).

13        40.    Plaintiff was an employee with an actual and/or perceived disability and/or serious

14   medical condition as defined by Govt. Code § 12926, in that he suffered from a disability which

15   affected his body and that affected at least one major life activity, including but not limited to

16   working and/or breathing, , and as such, is a member of the group of persons protected from

17   discrimination based on his disability and/or medical condition under Govt. Code § 12940(a).

18        41.    Defendants engaged in unlawful employment practices in violation of FEHA by

19   discriminating against Plaintiff on the basis of his disability, failing to engage in the interactive

20   process to determine if Plaintiff could be given a reasonable accommodation, failing to provide

21   Plaintiff with a reasonable accommodation, and then terminating Plaintiff because of his disability

22   and/or serious medical condition. Such actions were all in violation of FEHA, and were done in

23   direct response to Plaintiff's disability, serious medical condition, and requested accommodation.

24        42.    Plaintiff is informed and believes and based thereon alleges that his disability/serious

25   medical condition was a substantial factor in Defendants' decision to discriminate against Plaintiff,

26   and then terminate Plaintiff's employment, in violation of Govt. Code § 12940(a). All of the

27   aforementioned actions were taken against Plaintiff due to Plaintiff's disability and/or serious

28   medical condition. At all times, Plaintiff was able to perform the essential functions of his job, with

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  accommodation, including virtual work.

2      43.    Plaintiff was terminated from his employment in substantial part due to Plaintiff's

3  disability and serious medical condition. Defendant refused to engage in the interactive process nor

4  accommodate Plaintiff's restrictions.  Therefore, Defendants' acts regarding Plaintiff's employment

5  violate California's FEHA.

6      44.    As a proximate result of the acts of Defendants, as described above, Plaintiff suffered

7  economic damages, including lost wages and benefits, and other compensatory damages in an

8  amount to be ascertained at the time of trial.

9      45.    As a further proximate result of the aforementioned acts of Defendants, and each of

10  them, as described above, Plaintiff has suffered humiliation, mental anguish, and emotional and

11  physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to

12  be ascertained at the time of trial.

13      46.    As a further proximate result of the acts of Defendants, and each of them, as

14  described above, Plaintiff will necessarily continue to expend sums in the future for the treatment

15  of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants'

16  acts in an amount to be ascertained at the time of trial.

17      47.    As a direct and proximate result of the above-described acts of Defendants, Plaintiff

18  has necessarily incurred attorney's fees and costs and, pursuant to the provisions of *California

19  Government Code* §12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees and

20  costs.

21      48.    Plaintiff is entitled to punitive damages under this cause of action, because Defendants

22  engaged in malice, fraud or oppression, as defined by Cal. *Civil Code* § 3294, in violating California's

23  FEHA.  Further, the Defendants knew of and approved or ratified the wrongful conduct, and/or the

24  wrongful conduct was performed by a managing agent of the Defendants.  The Defendants thereby

25  bear liability under Cal. *Civil Code* § 3294(b).

26                    **SECOND CAUSE OF ACTION**

27              **HARASSMENT IN VIOLATION OF FEHA**

28          **(CALIFORNIA GOVERNMENT CODE §§ 12900 et seq.)**

1    (As Against All Defendants; and DOES 1 through 50)

2    49.    Plaintiff incorporates and re-alleges by reference all paragraphs, and each and every

3    part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

4    50.    Ms. Siebert, Ms. Banks, and Mr. Civarra, all engaged in a pattern and practice of

5    harassing Plaintiff, as alleged and set forth herein, after Plaintiff informed them of his disability,

6    requested accommodations, and provided Defendants with his doctor's notes.

7    51.    Defendants' conduct, as alleged herein, violated FEHA, Government Code section

8    12900, *et seq.*, and defendants committed unlawful employment practices, including by the following,

9    separate bases for liability:

10    a.    Harassing Plaintiff and/or creating a hostile work environment, in whole or in part

11    on the basis of Plaintiff's disability and need for reasonable accommodations, in

12    violation of Government Code sections 12940(j);

13    b.    Failing to take all reasonable steps to prevent discrimination, harassment, and

14    retaliation on the basis of his need for reasonable accommodations, in violation of

15    Government Code section 12940(k);

16    c.    The individual Defendant's harassment against plaintiff was permeated with

17    discriminatory intimidation, ridicule and insult that was so severe and pervasive that

18    it altered Plaintiff's conditions of employment by creating an abusive work

19    environment.

20    52.    As a proximate result of the acts of Defendants, as described herein, Plaintiff suffered

21    economic damages, including lost wages and benefits, and other compensatory damages in an amount

22    to be ascertained at the time of trial.

23    53.    As a further proximate result of the aforementioned acts of Defendants, and each of

24    them, as described above, Plaintiff has suffered humiliation, mental anguish, and emotional and

25    physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be

26    ascertained at the time of trial.

27    54.    As a further proximate result of the acts of Defendants, and each of them, as described

28    herein, Plaintiff will necessarily continue to expend sums in the future for the treatment of the

**9**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts in

2  an amount to be ascertained at the time of trial.

3      55.    As a direct and proximate result of the described acts of Defendants, Plaintiff has

4  necessarily incurred attorney's fees and costs and, pursuant to the provisions of *California*

5  *Government Code* §12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees and

6  costs.

7      56.    Plaintiff is entitled to punitive damages under this cause of action, because Defendants

8  engaged in malice, fraud or oppression, as defined by Cal. *Civil Code* § 3294, in violating California's

9  FEHA.  Further, the Defendants knew of and approved or ratified the wrongful conduct, and/or the

10  wrongful conduct was performed by a managing agent of the Defendants.  The Defendants thereby

11  bear liability under Cal. *Civil Code* § 3294(b).

12  **THIRD CAUSE OF ACTION**

13  **FAILURE TO ENGAGE IN THE INTERACTIVE**

14  **PROCESS IN VIOLATION OF GOVERNMENT CODE §§ 12926.1(e), 12940(n)**

15  (As Against All Defendants; and DOES 1 through 50)

16      57.    Plaintiff incorporates and re-alleges by reference all previous paragraphs, and each

17  and every part thereof, of this Complaint, with the same force and effect as though set forth at length

18  herein.

19      58.    It is unlawful for an employer covered by California *Government Code* §12940 et

20  seq., to fail to engage in a timely, good faith, interactive process with the employee to determine

21  effective reasonable accommodations, in response to a request for reasonable accommodation by an

22  employee with a known physical or mental disability or medical condition.  California *Government*

23  *Code* § 12940(n), which provides, "It is an unlawful employment practice … (n) For an employer

24  or other entity covered by this part to fail to engage in a timely, good faith, interactive process with

25  the employee or applicant to determine effective reasonable accommodations, if any, in response to

26  a request for reasonable accommodation by an employee or applicant with a known physical or

27  mental disability or known medical condition.".

28      59.    Defendant The Boeing Company, Inc., and DOES 1 through 50 terminated Plaintiff's

employment due to Plaintiff's disability/serious medical condition, after Defendants were informed of Plaintiff's disability/serious medical condition, and were informed of Plaintiff's need for reasonable accommodations. Defendants simply refused to engage in the interactive process and/or to accommodate Plaintiff's disabilities and restrictions.

60. Defendants also terminated Plaintiff's employment due to his disability for needing an accommodation. Plaintiff's disability/serious medical condition and his need of reasonable accommodations were substantial determining factors in Plaintiff termination. After Defendants were informed of Plaintiff's disability and need of reasonable accommodations, Defendants failed to participate in a continuing good faith interactive process with Plaintiff to determine if Defendants could provide the reasonable accommodations to Plaintiff to aid Plaintiff in continuing his job. Instead, Defendants subjected Plaintiff to extremely difficult working conditions, refused to accommodate Plaintiff's disability, and subsequently terminated Plaintiff, in violation of the FEHA.

61. The failure of Defendants to continuously participate in a meaningful interactive process in an effort to reasonably accommodate Plaintiff's disability was due to discrimination and retaliation against Plaintiff. Instead of reasonably accommodating Plaintiff, Defendants used Plaintiff's request for reasonable accommodations to terminate Plaintiff from Plaintiff's employment. Defendants' acts, as more fully described above, constitute unlawful discrimination based on disability, and are in violation of FEHA, codified in California *Government Code* §12926.1(e), 12940(n).

62. Defendants failed to take any action to remedy the discriminatory working conditions. On the contrary, after Plaintiff expressed his need for reasonable accommodations, Defendants failed to participate with Plaintiff in a reasonable, good faith, interactive process to identify available reasonable accommodations for Plaintiff's medical restrictions and condition. Instead of conducting a meaningful and genuine interactive session, Defendants terminated plaintiff.

63. Defendants, at all relevant times herein mentioned were able to accommodate Plaintiff's restrictions and/or need for remote work. However, Defendants, time and again, did not conduct the required good faith interactive process or even attempt to engage in the interactive process. Instead of participating in the interactive process, Defendants simply refused to

AZADEGAN LAW
GROUP APC
ATTORNEYS AT LAW

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  accommodate Plaintiff, and terminated Plaintiff from his employment.  Plaintiff's disability, need

2  for reasonable accommodations, and the failure of Defendants to conduct a legitimate, meaningful,

3  and good faith interactive process were substantial factors in the decision to terminate Plaintiff's

4  employment.  As a proximate result of the acts of Defendants and each of them, as described above,

5  Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory

6  damages in an amount to be ascertained at the time of trial.

7      64.    As a further proximate result of the aforementioned acts of Defendants, and each of

8  them, as described above, Plaintiff has suffered humiliation, mental anguish, and emotional and

9  physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to

10 be ascertained at the time of trial.

11     65.    As a further proximate result of the acts of Defendants, and each of them, as

12 described above, Plaintiff will necessarily continue to expend sums in the future for the treatment

13 of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants'

14 acts in an amount to be ascertained at the time of trial.

15     66.    As a direct and proximate result of the above-described acts of Defendants, Plaintiff

16 has necessarily incurred attorney's fees and costs and, pursuant to the provisions of Cal. *Government*

17 *Code* §12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

18     67.    Plaintiff is entitled to punitive damages under this cause of action, because Defendants

19 engaged in malice, fraud or oppression, as defined by Cal. *Civil Code* § 3294, in violating California's

20 FEHA.  Further, the Defendants knew of and approved or ratified the wrongful conduct, and/or the

21 wrongful conduct was performed by a managing agent of the Defendants.  The Defendants thereby

22 bear liability under Cal. *Civil Code* § 3294(b).

23                    **FOURTH CAUSE OF ACTION**

24           **FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

25            **IN VIOLATION OF GOVERNMENT CODE § 12940(m)**

26                (As Against All Defendants; and DOES 1 through 50)

27     68.    Plaintiff incorporates and re-alleges by reference all previous paragraphs, and each

28 and every part thereof, of this Complaint, with the same force and effect as though set forth at length

1 | herein.

2 | 69. It is unlawful for an employer to fail to make a reasonable accommodation for the

3 | known physical disability of an employee, under California *Government Code* § 12940(m). After

4 | Defendants and DOES 1 through 50 were informed of Plaintiff's disability/serious medical

5 | condition, and were informed of Plaintiff's need for reasonable accommodations, Defendants failed

6 | to provide said available and reasonable accommodations such as assigning Plaintiff to work that

7 | was in direct conflict with his doctor's note indicating Plaintiff's physical restrictions. Defendants

8 | retaliated against Plaintiff, refused to accommodate Plaintiff, and ultimately terminated Plaintiff

9 | from his job instead of providing the reasonable accommodations. Thus, Plaintiff's disability and

10 | his need for reasonable accommodations were substantial motivating factors in Defendants' decision

11 | to terminate Plaintiff's employment.

12 | 70. Defendants used Plaintiff's need for reasonable accommodations to terminate

13 | Plaintiff's employment because they did not want to reasonably accommodate Plaintiff and instead

14 | decided to terminate Plaintiff so they would not have to accommodate Plaintiff's disability.

15 | Defendants' unlawful acts, as more fully described herein, in their failure to continue to reasonably

16 | accommodate Plaintiff's disability, constitute unlawful failure to provide reasonable

17 | accommodations in violation of the FEHA, codified in California *Government Code* §12940(m),

18 | which provides, "It is an unlawful employment practice ... (m)(1) For an employer or other entity

19 | covered by this part to fail to make reasonable accommodation for the known physical or mental

20 | disability of an applicant or employee.".

21 | 71. As a proximate result of the acts of Defendants, as described above, Plaintiff suffered

22 | economic damages, including lost wages and benefits, and other compensatory damages in an

23 | amount to be ascertained at the time of trial.

24 | 72. As a further proximate result of the aforementioned acts of Defendants, and each of

25 | them, as described above, Plaintiff has suffered humiliation, mental anguish, and emotional and

26 | physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to

27 | be ascertained at the time of trial.

28 | 73. As a further proximate result of the acts of Defendants, and each of them, as

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

described above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

74.     As a direct and proximate result of the above-described acts of Defendants, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of *California Government Code* §12965(b), Plaintiff is entitled to the reasonable value for attorney's fees and costs.

75.     Plaintiff is entitled to punitive damages under this cause of action, because Defendants engaged in malice, fraud or oppression, as defined by Cal. *Civil Code* § 3294, in violating California's FEHA.  Further, the Defendants knew of and approved or ratified the wrongful conduct, and/or the wrongful conduct was performed by a managing agent of the Defendants.  The Defendants thereby bear liability under Cal. *Civil Code* § 3294(b).

## FIFTH CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS TO

### PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION

### IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(k)

(As Against All Defendants; and DOES 1 through 50)

76.     Plaintiff incorporates and re-alleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

77.     California *Government Code* Section 12940(k) makes it illegal for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

78.     The FEHA, and specifically, California *Government Code* §12940(a), provides in pertinent part that, "It shall be an unlawful employment practice . . . [f]or an employer, because of . . . physical disability. . .medical condition… to discharge the person from employment . . . or to discriminate against the person . . . in terms, conditions, or privileges of employment." Additionally section 12940(k), which provides, "It is an unlawful employment practice … for an employer … to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring"

in the workplace.

79.    Defendants and DOES 1 through 50 terminated Plaintiff from his employment after Defendants were informed of Plaintiff's disability, and were informed of Plaintiff's need for reasonable accommodations. Plaintiff's disability and his need for reasonable accommodations in the form of working remotely were substantial motivating factors in Defendants' decision to terminate Plaintiff.

80.    Defendants and DOES 1 through 50 failed to take all reasonable steps to prevent discrimination, harassment and retaliation from occurring in the workplace. Specifically, Defendants failed to train, supervise, monitor, counsel, coach or assist their supervisors and others in the performance of their duties and permitted their supervisors to discriminate and harass Plaintiff, and fire Plaintiff in violation of his disability rights.

81.    Plaintiff was discriminated against, harassed and retaliated against as described in this Complaint. Although Defendants knew or should have known of the discriminatory, harassing and retaliatory conduct on the part of Plaintiff's manager(s), Defendants failed and refused to take all reasonable steps necessary to prevent and/or cure the discrimination, harassment and retaliation from occurring.

82.    Defendants and DOES 1 through 50 failed or refused to take appropriate steps to abate or prevent discrimination, harassment and retaliation in the workplace by failing to effectively enforce policies against unlawful discrimination, harassment and retaliation, failing to thoroughly investigate incidents of discrimination, harassment and retaliation, and failing to take prompt and appropriate disciplinary action against perpetrators of discrimination, harassment and retaliation towards Plaintiff. This discrimination included but was not limited to Plaintiff being terminated from his employment due to his disability/serious medical condition and because he exercised his California Fair Employment and Housing Act rights.

83.    Defendants and DOES 1 through 50, inclusive, upon information and belief, had in place policies and procedures that specifically prohibited discrimination, retaliation, and harassment based on disability and other protected characteristics and required Defendants' managers, officers, and agents to prevent discrimination, harassment and retaliation, against and upon employees of

1  Defendants. Defendants' supervisor, and others in Defendants' Human Resources department, and

2  DOES 1-50, were at all relevant times Defendants' managerial agents, managers, officers, and/or

3  agents of Defendants and were aware of Defendants' policies and procedures prohibiting

4  discrimination and retaliation based on disability. The policies required Defendants' manager,

5  officer, and agents to prevent disability discrimination and retaliation based on disability against

6  and upon Defendants' employees, including Plaintiff.

7      84.    Instead of abiding by the law and their own policies and procedures, Defendants and

8  DOES 1 through 50 and each of them, illegally and improperly terminated Plaintiff despite

9  Plaintiff's prior exemplary job performance.

10     85.    Furthermore, Defendant's supervisors and members of its HR department maintained

11 broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising,

12 assessing and establishing of corporate policy and practice in the Defendants' facilities. Defendants,

13 by and through their authorized managers, agents, employees and representatives, chose to

14 consciously and willfully ignore and refuse to employ said policies and procedures with respect to

15 Plaintiff. Therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done

16 in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to

17 Plaintiff.

18     86.    The response of Defendants and/or their agents/employees to the notice was so

19 inadequate as to establish a deliberate indifference to, or tacit authorization or, the alleged offensive

20 practices, and an affirmative causal link existed between Defendants' inaction and the injuries

21 suffered by Plaintiffs.

22     87.    By failing to take all reasonable steps necessary to prevent and correct discrimination

23 and by failing to properly investigate and remedy the discrimination that occurred, Defendants

24 committed unlawful employment practices as described and prohibited under *Government Code*

25 §12940(k).

26     88.    As a proximate result of the acts of Defendants, and each of them, as described above,

27 Plaintiff suffered economic damages, including lost wages and benefits, and other compensatory

28 damages in an amount to be ascertained at the time of trial.

AZADEGAN LAW
GROUP APC
ATTORNEYS AT LAW

16

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

89.    As a further proximate result of the aforementioned acts of Defendants, and each of them, as described above, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

90.    As a further proximate result of the acts of Defendants, and each of them, as described above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

91.    As a direct and proximate result of the above-described acts of Defendants, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of *California Government Code* §12965(b), Plaintiff is entitled to the reasonable value for attorney's fees and costs.

92.    Plaintiff is entitled to punitive damages under this cause of action, because Defendants engaged in malice, fraud or oppression, as defined by Cal. *Civil Code* § 3294, in violating California's FEHA.  Further, the Defendants knew of and approved or ratified the wrongful conduct, and/or the wrongful conduct was performed by a managing agent of the Defendants.  The Defendants thereby bear liability under Cal. *Civil Code* § 3294(b).

### SIXTH CAUSE OF ACTION

**UNLAWFUL RETALIATION**

**Lab. Code § § 1102.5**

(As Against All Defendants; and DOES 1 through 50)

93.    Plaintiff incorporates and re-alleges by reference all paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

94.    Lab. Code § 1102.5(b) provides, in pertinent part, "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, .

**17**

1    . . if the employee has reasonable cause to believe that the information discloses a violation of state

2    or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation,

3    regardless of whether disclosing the information is part of the employee's job duties." This statute

4    reflects the broad public policy interest in encouraging workplace whistleblowers to report unlawful

5    acts without fearing retaliation.

6         95.    Defendants subjected Plaintiff to numerous adverse employment actions including,

7    but not limited to, failing to accommodate Plaintiff's disability accommodations, failing to engage in

8    the interactive process, and failing to prevent the discrimination, harassment and retaliation.

9         96.    Defendants committed the acts herein despicably, maliciously, fraudulently, and

10   oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

11   amounting to malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled

12   to punitive damages from Defendants in an amount according to proof.

13        97.    As a proximate result of the acts of Defendants, as described above, Plaintiff suffered

14   economic damages, including lost wages and benefits, and other compensatory damages in an

15   amount to be ascertained at the time of trial.

16        98.    As a further proximate result of the aforementioned acts of Defendants, and each of

17   them, as described above, Plaintiff has suffered humiliation, mental anguish, and emotional and

18   physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be

19   ascertained at the time of trial.

20        99.    As a further proximate result of the acts of Defendants, and each of them, as described

21   above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the

22   physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendants' acts in

23   an amount to be ascertained at the time of trial.

24        100.   As a direct and proximate result of the above-described acts of Defendants, Plaintiff

25   has necessarily incurred attorney's fees and costs.

26        101.   Plaintiff is entitled to punitive damages under this cause of action, because

27   Defendants engaged in malice, fraud or oppression, as defined by Cal. *Civil Code* § 3294, in violating

28   California's FEHA. Further, the Defendants knew of and approved or ratified the wrongful conduct,

1 | and/or the wrongful conduct was performed by a managing agent of the Defendants. The Defendants

2 | thereby bear liability under *Cal. Civil Code* § 3294(b).

3 | **SEVENTH CAUSE OF ACTION**

4 | **AGE DISCRIMINATION IN VIOLATION OF**

5 | **THE FAIR EMPLOYMENT & HOUSING ACT**

6 | (CAL. GOV'T CODE, §12940 ET SEQ.)

7 | (As Against Defendant The Boeing Company, Inc., Chris Civarra; and DOES 1 through 50)

8 | 102.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

9 | in this Complaint for damages, as though fully set forth herein.

10 | 103.    Defendants are "employers" within the meaning of and subject to California

11 | *Government Code*§ 12900 et seq., commonly referred to as the California *Fair Employment and*

12 | *Housing Act* ("FEHA"). Prior to his unlawful termination, Plaintiff was an "employee" under the

13 | FEHA.

14 | 104.    California *Government Code* § 12940(a) provides in pertinent part that, "It shall be

15 | an unlawful employment practice . . . [f]or an employer, because of . . . age … to discharge the

16 | person from employment . . . or to discriminate against the person . . . in terms, conditions, or

17 | privileges of employment."    This Cause of Action stems from Defendants' discriminatory

18 | termination relative to Plaintiff's employment by Defendants and Defendant's failure to rehire

19 | Plaintiff or return Plaintiff to work due to Plaintiff's age. Plaintiff was 68 years old at the time of

20 | his termination, and thereby protected from age discrimination under FEHA.

21 | 105.    After Plaintiff was terminated from his employment, his duties and responsibilities

22 | were given to a younger employee who had no disability, in violation of FEHA. Plaintiff's

23 | employment was terminated due to his age.

24 | 106.    The discriminatory actions of Defendants and its agents against Plaintiff, including,

25 | but not limited to terminating Plaintiff in his employment, with resulting loss of wages, due to

26 | Plaintiff's age, constitute unlawful discrimination based on age, in violation of FEHA, codified in

27 | California *Government Code* § 12940(a).

28 | 107.    As a proximate result of the acts of Defendants, as described above, Plaintiff suffered

1  economic damages, including lost wages and benefits, and other compensatory damages in an

2  amount to be ascertained at the time of trial.

3      108.    As a further proximate result of the aforementioned acts of Defendants, and each of

4  them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and

5  physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to

6  be ascertained at the time of trial.

7      109.    As a proximate result of the acts of Defendants, and each of them, as alleged above,

8  Plaintiff has suffered physical and mental injuries and has necessarily expended sums in the

9  treatment of such injuries, all to Plaintiff's damage in an amount to be ascertained at the time of

10  trial.

11      110.    As a further proximate result of the acts of Defendants, and each of them, inclusive,

12  and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future

13  for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of

14  said Defendants' acts in an amount to be ascertained at the time of trial.

15      111.    As a direct and proximate result of the above-described acts of Defendants, Plaintiff

16  has necessarily incurred attorney's fees and costs and, pursuant to the provisions of California

17  *Government Code* §12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees and

18  costs.

19      112.    Plaintiff is entitled to punitive damages under this cause of action, because

20  Defendants engaged in malice, fraud or oppression, as defined by Cal. *Civil Code*, §3294, in

21  violating California's FEHA.  The reasons Defendants gave for the termination were false and

22  fraudulent.  Further, the decision to target Plaintiff for termination due to his age was done in

23  violation of California law and thereby oppressive. Further, Defendants knew of and approved or

24  ratified the wrongful conduct, and/or the wrongful conduct was performed by a managing agent of

25  the Defendants.  Defendants thereby bear liability under Cal. *Civil Code*, §3294(b).

26  **EIGHTH CAUSE OF ACTION**

27  **HARASSMENT BASED ON AGE IN VIOLATION OF**

28  **THE FAIR EMPLOYMENT & HOUSING ACT**

1    (CAL. GOV'T CODE, §12940(j))

2    113.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

3    in this Complaint for damages, as though fully set forth herein.

4    114.    Defendants' conduct, as alleged herein, violated FEHA, Government Code section

5    12900, et seq., and Defendants committed unlawful employment practices, including the following,

6    separate basis for liability:

7    a.    Harassing Plaintiff and/or creating a hostile work environment, in whole or in part,

8        on the basis of Plaintiff's age and/or other protected activities, in violation of

9        Government Code section 12940(j);

10    b.    Failing to take all reasonable steps to prevent discrimination, harassment, and

11        retaliation on the basis of disability, in violation of Government Code section

12        12940(k);

13    115.    As a proximate result of the acts of Defendants, as described above, Plaintiff suffered

14    economic damages, including lost wages and benefits, and other compensatory damages in an

15    amount to be ascertained at the time of trial.

16    116.    As a further proximate result of the aforementioned acts of Defendants, and each of

17    them, as alleged above, Plaintiff has suffered humiliation, mental anguish, and severe emotional and

18    physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to

19    be ascertained at the time of trial.

20    117.    As a proximate result of the acts of Defendants, and each of them, as alleged above,

21    Plaintiff has suffered physical and mental injuries and has necessarily expended sums in the

22    treatment of such injuries, all to Plaintiff's damage in an amount to be ascertained at the time of

23    trial.

24    118.    As a further proximate result of the acts of Defendants, and each of them, inclusive,

25    and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future

26    for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of

27    said Defendants' acts in an amount to be ascertained at the time of trial.

28    119.    As a direct and proximate result of the above-described acts of Defendants, Plaintiff

1  has necessarily incurred attorney's fees and costs and, pursuant to the provisions of California

2  *Government Code* §12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees and

3  costs.

4       120.   Plaintiff is entitled to punitive damages under this cause of action, because

5  Defendants engaged in malice, fraud or oppression, as defined by Cal. *Civil Code*, §3294, in

6  violating California's FEHA.  The reasons Defendants gave for the termination were false and

7  fraudulent.  Further, the decision to target Plaintiff for termination due to his age was done in

8  violation of California law and thereby oppressive. Further, Defendants knew of and approved or

9  ratified the wrongful conduct, and/or the wrongful conduct was performed by a managing agent of

10 the Defendants.  Defendants thereby bear liability under Cal. *Civil Code*, §3294(b).

11                         **PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiff prays for the following relief against Defendants, to be determined

13 by a jury, as follows:

14      For all Causes of Action,

15      1.   General damages in an amount according to proof, but in excess of the minimum

16 jurisdiction of this court;

17      2.   For special damages in an amount according to proof, but in the excess of the

18 minimum jurisdiction of this court, in order to compensate the Plaintiff for Plaintiff's loss of past and

19 future earnings, and all damages flowing from the Plaintiff's loss of earnings, loss of job security,

20 failure to properly advance within Plaintiff's career, damage to Plaintiff's reputation; and for loss of

21 all future earnings and benefits and job promotions and privileges Plaintiff would have had;

22      3.   For consequential economic loss as a result of the breach;

23      4.   For punitive damages according to proof at trial against defendants.

24      5.   For all costs and disbursements incurred in this suit;

25      6.   For all interest as allowed by law;

26      7.   Where available and proper for attorneys' fees and costs incurred pursuing this

27 Complaint against Defendants;

28      8.   For all emotional distress damages that properly compensate Plaintiff for Plaintiff's

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

AZADEGAN LAW
GROUP APC
ATTORNEYS AT LAW

1  pain and suffering as a result of Defendants' actions as fully described in this Complaint for damages;

2      9.    All other relief the Court deems proper and appropriate.

3  **DEMAND FOR JURY TRIAL**

4      ADDITIONALLY, Plaintiff BEHYAR GOUDARZIAN demands trial of this matter by jury.

5  The amount demanded exceeds $35,000.00 (Government Code §72055).

6

7                AZADEGAN LAW GROUP, APC.

8  DATED:  October 28, 2024

9

10           By:*Michael Yellin*

11             RAMIN AZADEGAN, ESQ.
            MICHAEL M. YELLIN, ESQ.

12             Attorneys for Plaintiff,
            BEHYAR GOUDARZIAN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AZADEGAN LAW
GROUP APC
ATTORNEYS AT LAW

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT A - PAGE 39

# EXHIBIT "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 28, 2025

Michael Yellin
9100 Wilshire Blvd., Suite 710E
Beverly Hills, CA 90212

RE:    **Notice to Complainant's Attorney**
CRD Matter Number: 202501-27908528
Right to Sue: Goudarzian / Chris Civarra et al.

Dear Michael Yellin:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 28, 2025

RE:  **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202501-27908528
Right to Sue: Goudarzian / Chris Civarra et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2024/05)

EXHIBIT A - PAGE 42



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

CRD - ENF 80 RS (Revised 2024/05)

EXHIBIT A - PAGE 43

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

January 28, 2025

Behyar Goudarzian
9100 Wilshire Blvd., Suite 710E
Beverly Hills, CA 90212

RE:     **Notice of Case Closure and Right to Sue**
        CRD Matter Number: 202501-27908528
        Right to Sue: Goudarzian / Chris Civarra et al.

Dear Behyar Goudarzian:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective January 28, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2024/05)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Behyar Goudarzian

CRD No. 202501-27908528

Complainant,

vs.

Chris Chris Civarra

,

The Boeing Company, Inc.
929 LONG BRIDGE DR
ARLINGTON, VA 22202

Respondents

_____

**1. Respondent Chris Chris Civarra is an employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **The Boeing Company, Inc.** business as Co-Respondent(s).

**3. Complainant Behyar Goudarzian**, resides in the City of **Beverly Hills,** State of **CA.**

**4.** Complainant alleges that on or about **April 28, 2023**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's age (40 and over), disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

**Complainant was discriminated against** because of complainant's age (40 and over), other, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, race (includes hairstyle and hair texture) and as a result of the discrimination was terminated, suspended, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability.

-1-
*Complaint – CRD No. 202501-27908528*

Date Filed: January 28, 2025

CRD-ENF 80 RS (Revised 2024/05)

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied accommodation for a disability.

**Additional Complaint Details:** 10.   Plaintiff commenced his employment with Defendants in and about April 6, 1987, as a Project Engineer.  Throughout Plaintiff's employment with Defendants, he performed his duties and responsibilities in an exemplary manner.

11.     Plaintiff was subjected to discrimination due to his age and disability, harassment from his co-workers, and retaliation when he was terminated. during the period he was given an accommodation.

12.     In and around June 2020, Plaintiff began to experience serious health issues that rendered him disabled and that required him to request an accommodation.

13.     Plaintiff required remote work as an accommodation which was granted by the Defendants.

14.     Thereafter, Plaintiff followed the Defendants' procedures in renewing his accommodation every six months.

15.     The need for his accommodation was renewed every six months, and permitted Plaintiff to work remotely.

16.     However, starting in or about August 2022 until his termination, Defendants discriminated against, harassed, and eventually terminated Plaintiff as a result of his continued need for accommodation, because of his medical condition and/or disability, and in retaliation of Plaintiff's complaints.

17.     In and around August 2022, Ms. Siebert became Plaintiff's Direct Manager.

18.     Thereafter, Plaintiff noticed a change in how he was treated. For example, prior to Ms. Siebert's arrival, Plaintiff received rave reviews of his work performance. These reviews indicated that he met or exceeded the expectations of his position. Plaintiff also met or exceeded his expectations for his "Interim 2022 Performance Review."

19.     In or about December 2022, Ms. Siebert issued a performance review indicating that Plaintiff only met some expectations of his position.

20.     In or about October 2022, during a meeting between Plaintiff and his department, the Defendant's employees, Mr. Civarra harassed and discriminated against Plaintiff when he asked a new hire, Aleksey Bykovich, to guess Plaintiff's age in front of all the other employees. After multiple guesses, Plaintiff was pressured to tell everyone his age and finally did. Plaintiff immediately felt ashamed and humiliated as everyone in the room was much younger than him.

21.     Several days later, Gordon Yip, Defendant's employee in the Radio Team department, left Plaintiff an unprofessional voice message, stating that Plaintiff should not question his abilities or judgment, otherwise Plaintiff should either do the work himself or get someone else to do it.

22.     During 2023, Plaintiff continued to request and receive remote work as an accommodation. In and about the end of 2022, Plaintiff renewed his request for an accommodation for the first six months of 2023, which request was granted by Defendant.

-2-
*Complaint – CRD No. 202501-27908528*

Date Filed: January 28, 2025

CRD-ENF 80 RS (Revised 2024/05)

EXHIBIT A - PAGE 47

23.    However, Ms. Siebert refused to provide Plaintiff with the approved accommodation.

24.    In or about January 2023, Ms. Siebert emailed Plaintiff improperly directing him to "flex [his] schedule first before using PTO." Linda Hopper, in the Labor Relations-West department, and Hillary McConnell, the SEEPA Contract Administrator, responded to Ms. Siebert's improper demand stating that it "could be perceived as coercion/harassment."

25.    In or around February 2023, Ms. Siebert informed Plaintiff that he would no longer be provided remote work as an accommodation, despite Plaintiff receiving the accommodation for years. Plaintiff was further informed that he would be placed on a medical leave of absence instead.

26.    Plaintiff's doctor reminded Defendant that a medical leave of absence will not improve Plaintiff's symptoms.

27.    Suddenly, in or around March 2023, Plaintiff was told that he would no longer be permitted to work remotely and instead, would be placed on a "reassignment leave of absence" as an accommodation. Plaintiff was inexplicitly, also told that it was his last day.

28.    Between March 2023 and April 2023, Plaintiff received his offboarding paper work and layoff eligibility paper work.

29.    Plaintiff was ultimately terminated on April 28, 2023.

-3-

*Complaint – CRD No. 202501-27908528*

Date Filed: January 28, 2025

CRD-ENF 80 RS (Revised 2024/05)

EXHIBIT A - PAGE 48

VERIFICATION

I, **Michael Yellin**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On January 28, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Beverly Hills, California**

-4-

*Complaint – CRD No. 202501-27908528*

Date Filed: January 28, 2025

CRD-ENF 80 RS (Revised 2024/05)

# PROOF OF SERVICE
### *Behyar Goudarzian v. The Boeing Company, Inc., et al.*
Case No. 8:25-cv-01330

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On June 20, 2025, I served the following document(s):

**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

       ☐   the written confirmation of counsel in this action:
       ☐   [Federal Court] the written confirmation of counsel in this action and order of the court:

9

Case No. 8:25-cv-01330

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1   ☐    **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

2

3

4   ☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

5

6

7   ☒    **(Federal)**    I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

8

9   ☐    **(Federal)**    I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

10

11

12      I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

13

14      Executed on June 20, 2025, at Costa Mesa, California.

15

16                         Dianna Kinnamon

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

Ramin Azadegan, Esq.                    Attorneys for Plaintiff
Michael Yellin, Esq.                    Behyar Goudarzian
AZADEGAN LAW GROUP, APC
9100 Wilshire Boulevard, Suite 710E
Beverly Hills, CA  90212
Telephone:   310-271-4800
Facsimile:    310-271-4088
ramin@raminlaw.com
myellin@empdefgroup.com

11

DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446